**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES ALEXANDER, JR. and BERNICE ALEXANDER,   )  )   Plaintiffs,   )  ) vs.   ) ) MALCOLM P. HAMMOND, et al.,   )  ) Defendants.   ) | Case No. 08-CV-440-TCK-FHM |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2); Plaintiff's Motion to Transfer In the District Court of Tulsa County Case No. 2008-01237 and Motion for Emergency Hardship Hearing (submitted as part of Doc. 1); and Defendant State of Oklahoma Department of Health's Motion to Dismiss (Doc. 3). Plaintiffs James Alexander and Bernice Alexander, appearing pro se,[1] have asserted numerous unrelated claims against numerous Defendants.[2] For the reasons explained below, the Court finds Plaintiffs' case should be dismissed sua sponte.

**I.    Standard for *Sua Sponte* Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

---

[1] Plaintiffs are frequent litigants in this Court. Since 1997, the Court counted over fifteen lawsuits filed by one or both Plaintiffs. In most instances, Plaintiffs have appeared pro se.

[2] In addition to the named Defendant above, these Defendants include the Oklahoma State Department of Health ("OSDH"); United States Department of Education ("DOE"), the United States Department of the Treasury ("DOT"), the United States Department of Housing and Urban Development ("HUD"), Oklahoma Natural Gas ("ONG"), and United Auto Insurance Company ("United Auto"). The United States Social Security Administration ("SSA") is not listed in the caption but also appears to be an entity from which Plaintiffs seek damages.

1

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* In order to prevent such abusive or captious litigation, the statute authorizes federal courts to *sua sponte* dismiss a case filed in forma pauperis if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (describing § 1915(e)(2) as a "screening procedure" for dismissing IFP claims that are frivolous, that fail to state a claim, that seek monetary relief from immune defendants, or that rest on false allegations of poverty). Dismissals based on § 1915(e)(2) are often made *sua sponte* prior to the issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.[3]

## II.     Plaintiffs' Complaint Fails to State a Claim Upon Which Relief May Be Granted

Plaintiffs' Complaint states: (1) Defendants DOE and DOT are late in providing a partial refund of some type of federal payment, and Plaintiffs seek "immediate delivery" of $450.00 from DOE and DOT; (2) Defendant HUD provided an emergency hardship hearing on July 17, 2008

---

[3] The Court in *Neitzke* addressed the precursor to 28 U.S.C. § 1915(e)(2), which was 28 U.S.C. § 1915(d). However, the Tenth Circuit has recently cited *Neitzke* as setting forth the policy considerations underlying § 1915(e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

regarding Plaintiffs' request for housing assistance but has not yet "given reasonable response to Plaintiff's [sic] request," and Plaintiffs seek $2,628.00 from HUD; (3) SSA "has ignored" Plaintiffs' request for a hardship hearing to increase their social security payments, and Plaintiffs seek $1,881.00 from SSA; (4) ONG caused Plaintiffs damages in the amount of $10,000 by wrongfully denying utility services for two months; (5) Plaintiffs request that the Court "transfer in" a garnishment proceeding pending against Plaintiffs in Tulsa County District Court; and (6) United Auto owes Plaintiffs $1,119.76 for "car rental reimbursement."

Accepting all allegations as true, DOE, DOT, and HUD have already provided Plaintiffs with some type of due process regarding Plaintiffs' claims, and Plaintiffs merely ask this Court to expedite the various agencies' processes. However, Plaintiffs did not cite any legal basis for this Court's role or authority to do so, and the Court has been unable to discern or identify any legal basis for Plaintiffs' claim. Nor have Plaintiffs alleged any facts that would state a claim for a Fourteenth Amendment due process violation. As to Plaintiffs' claims against ONG, the underlying dispute has already been resolved by a hearing conducted by the Oklahoma Corporation Commission, and Plaintiffs merely seek additional damages above and beyond the amount already paid by ONG. Again, however, Plaintiffs have provided no legal basis for bringing a claim against ONG in this Court, and the Court has been unable to discern or identify any legal basis for Plaintiffs' claim. In addition, Plaintiffs have not alleged any facts that would support a damages award in addition to Plaintiffs' actual damages that have already been recovered. As to Plaintiffs' allegations directed to the SSA, the Court is unable to identify or discern the legal basis of Plaintiffs' claim. In addition, SSA is not named as a defendant in the lawsuit. With respect to the claim against United Auto for rental car reimbursement, the Court has no jurisdiction to consider this claim as it

does not present a federal question, and the amount in controversy is well below the statutory amount. Finally, as to Plaintiffs' request to "transfer in" a garnishment proceeding from state court, the Court is without statutory authority to do so.

Accepting Plaintiffs' allegations as true, the Court finds that all such allegations either fail to state a claim upon which relief can be granted or fail to support a finding of federal subject matter jurisdiction. The entire action is *sua sponte* DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Lowe v. Sockey*, 36 Fed. Appx. 353, 361 (10th Cir. 2002) (remanding with directions to dismiss claim "with prejudice" where dismissal was pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). Plaintiffs' Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is DENIED; Plaintiffs' Motion to Transfer In the District Court of Tulsa County Case No. 2008-01237 and Motion for Emergency Hardship Hearing (submitted as part of Doc. 1) are DENIED. Defendant OSDH's Motion to Dismiss (Doc. 3) is DENIED AS MOOT, although the Court agrees with OSDH that there are no claims asserted against it.

**ORDERED this 15th day of October, 2008.**

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**